Allyn RAYDENBOW, Plaintiff–Appellant,

v.

Peter O'MEARA, Commissioner, Department Of Mental Retardation, Daniel Micari, Steven Staugaitis, Kathleen Egan, Mary Sheehan, Bonnie Meehan, Kenneth Comerford, And Melanie Haber, Defendants–Appellees.

Docket No. 02–7223.

United States Court of Appeals, Second Circuit.

Oct. 31, 2002.

Peter A. Kelly, New Haven, CT, for Appellant.

Holly Jean Bray, Assistant Attorney General, Hartford, CT, (Richard Blumenthal, Attorney General, on the brief), for Appellees.

Present VAN GRAAFEILAND, JACOBS and CABRANES, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED

**AND DECREED** that the judgment of the district court be **AFFIRMED.**

Allyn Raydenbow appeals from a judgment of the United States District Court for District of Connecticut (Eginton, J.), granting summary judgement against Raydenbow on his claims that defendants had violated his rights to due process and equal protection under the United States and Connecticut constitutions by engaging in actions that constituted a nullification of Raydenbow's license to operate a Community Training Home ("CTH"), a residence for three or fewer mentally retarded or autistic persons. The district court held, *inter alia*, that Raydenbow could not establish a legitimate claim to any legal entitlement to the placement of individuals in his CTH. Raydenbow appealed.

Raydenbow does not address the district court's ruling on his equal protection claims, so we deem these claims abandoned. *See* Fed. R.App. P. 28(a)(9) (the appellant's brief must contain "appellant's contentions and the reasons for them"); *Bozeman v. United States,* 780 F.2d 198, 199 n. 4 (2d Cir.1985) ("Mrs. Bozeman did not raise or brief that issue in this appeal and we therefore treat that claim as abandoned.").

In other respects, we affirm the dismissal of Raydenbow's due process claims for substantially the reasons stated in the district court's opinion. *See Allyn Raydenbow v. Peter O'Meara, et al.,* 3:98CV2074(WWE) (D.Conn. Jan. 22, 2002).

Neither due process nor equal protection considerations require the State to place vulnerable individuals in a CTH that is less than the best available in light of all the circumstances, including the circumstance that Raydenbow is a convicted rapist.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.